IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ENCOMPASS INDEMNITY COMPANY,

        Plaintiff,

v.

TREVOR JONES, M.D.,
DANIEL D. JONES, and
LISA K. JONES

        Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 57, Plaintiff Encompass Indemnity Company ("Encompass") complains as follows.

## GENERAL ALLEGATIONS

1. Encompass is an Illinois corporation with its principal place of business in Illinois. Encompass is authorized to do business in the State of Colorado.

2. On information and belief, Defendants Trevor Jones, M.D., Lisa K. Jones and Daniel D. Jones (collectively, "Defendants") are all Colorado residents.

3. This is an action for declaratory judgment pursuant to 28 U.S.C.A. § 2201, for the purpose of determining a question of actual controversy between the parties as more fully appears in this complaint.

4. Jurisdiction of this action is based on 28 U.S.C. § 1332(a), there being diversity of citizenship between the parties. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because, at all times material, the Defendants resided in Colorado and the Policy was issued in Colorado.

## THE POLICY

6. Encompass issued an insurance policy to named insureds Daniel Jones and Lisa Jones, with policy number 281790487, effective May 28, 2015 to May 28, 2016 (the "Policy").

7. Defendant Trevor Jones is the adult son of named insureds Daniel Jones and Lisa Jones

8. The Policy includes Motor Vehicle Protection for four vehicles, with "uninsured/underinsured motorists (per person/per accident)" limits of $250,000/500,000. (Ex. 1, at pg. 3.)

9. For this Motor Vehicle Protection coverage, the Policy declarations indicate a premium of $214.00 was charged "for all Vehicles." (Ex. 1, at pg. 5.)

10. The Policy also includes, *inter alia*, "Personal Umbrella Coverage." (Ex. 1, at pg. 7, 8.)

11. The Personal Umbrella Coverage includes an Optional Excess Uninsured/Underinsured Motorist Coverage endorsement which provides an additional $1 million uninsured/underinsured motorist coverage, as shown by the excerpt from the declaration page below:

> THIS PERSONAL UMBRELLA SEGMENT DOES NOT PROVIDE
> COVERAGE FOR EXCESS UNINSURED OR UNDERINSURED
> MOTORIST COVERAGE EXCEPT FOR VEHICLES WHERE A LIMIT IS
> SHOWN FOR EXCESS UNINSURED OR UNDERINSURED
> MOTORISTS COVERAGE
>
> $1,000,000
> Excess Uninsured/Underinsured Motorists
> Vehicle(s) 1,2,3,4

(Ex. 1, at pg. 7.)

12. The Policy further states "The Excess Uninsured/Underinsured Coverage for each insured vehicle may not be combined or stacked." (Ex. 1, at pg. 8.)

13. The "Excess Uninsured/Underinsured Motorists Premium for all Vehicles" is $130. (Ex. 1, at pg. 8.)

14. The Insuring Agreement section of the Uninsured/Underinsured Motorist Coverage endorsement to the Policy states:

> **We** will pay compensatory damages which any **covered person** is legally entitled to recover from the owner/operator of an **uninsured/underinsured motor vehicle** because of **bodily injury:**
>
> 1. Sustained by any **covered person**, and
>
> 2. Caused by an **accident** arising out of the ownership, maintenance or use of an **uninsured/underinsured motor vehicle**;

(Ex. 2, at pg. 2 (emphasis in original).)

15. The Uninsured/Underinsured Motorist Coverage endorsement to the Policy defines "**covered person**" to include "**you** and any **family member**" or "any other person **occupying** an **insured motor vehicle** with **your** consent." (Ex. 2, at pg. 1 (emphasis in original).)

3

16.     "**Family Member**" is defined to include "a person related to **you** by blood, marriage or adoption who is a resident of **your** household. . . . For the purposes of this definition, to be considered a resident of **your** household when evaluating a coverage for loss, a person must have been actually residing in **your** household on the date the loss occurred."

## THE ACCIDENT

17.     On or about August 1, 2015, Trevor Jones was struck by a car while crossing an intersection (the "Accident").

18.     Defendants allege that, as a result of the Accident, Trevor Jones sustained significant, long-lasting injuries with damages in the tens of millions of dollars. (Ex. 3.)

19.     Trevor Jones brought a lawsuit against the driver in *Trevor L. Jones v. Jessica Masterson*, Case No. 2016cv30900, pending in the District Court for Denver County, Colorado. Ms. Masterson is insured by State Farm. It is undisputed that Trevor Jones's damages exceed Ms. Masterson's insurance limits.

20.     Encompass learned of the Accident, of Trevor Jones's injuries, and of Ms. Masterson's underinsured status through Trevor Jones's counsel.

21.     Encompass subsequently investigated the Accident and the question of whether Trevor Jones resided with his parents at the time of the Accident.

22.     Following that investigation, Encompass paid the full limits under the Motor Vehicle Protection "uninsured/underinsured motorists (per person/per accident)" coverage of $250,000 and the full limits of the excess Uninsured/Underinsured Motorist Coverage of $1 million.

## DEFENDANTS ALLEGE THEY ARE ENTITLED TO COMBINE OR STACK EXCESS UM/UIM COVERAGE, AND THAT THEIR LIMITS ARE $1 MILLION PER VEHICLE, NOT $1 MILLION IN TOTAL

23. Encompass has paid $1.25 million in connection with the Accident.

24. This $1.25 million payment represents the full policy limits of both Defendants' uninsured/underinsured motorist insurance coverage and excess Uninsured/Underinsured Motorist Coverage.

25. Defendants, through counsel, now assert that Encompass owes an additional $3 million in coverage under the umbrella portion of the Policy. Specifically, Defendants' counsel asserts that the Encompass Policy allows for combining or stacking of the excess Uninsured/Underinsured Motorist Coverage on a per vehicle basis.

26. Defendants argue they are entitled to $4 million in umbrella Uninsured/Underinsured Motorist Coverage ($1 million for each of the automobiles covered under the Policy), rather than $1 million total. (Ex. 3.)

27. This case does not involve the setoff of any benefits.

28. The declaration pages explicitly prohibit combining or stacking. (Ex. 1, at pg. 8.)

29. The declaration pages clearly show that only one premium is charged for excess Uninsured/Underinsured Motorist Coverage for all vehicles. (Ex. 1, at pg. 8.)

30. C.R.S. § 10-4-609(1)(c)(2011) states in part: "A single policy or endorsement for uninsured or underinsured motor vehicle coverage issued for a single premium covering multiple vehicles may be limited to applying once per accident."

31. This Court has already rejected Defendants' stacking argument in *Sewell v. Safeco Ins. Co. of America*, 06-cv-000150-EWN-MJW, 2007 WL 2071617, at *5 (D. Colo. July 19,

2007) (characterizing argument that plaintiff could stack UM/UIM limits for multiple cars covered under one policy as "disingenuous" and "tortured").

32. The excess Uninsured/Underinsured Motorist Coverage endorsement provides that a person who is not a "**family member**" is only a "**covered person**" while "**occupying** an **insured motor vehicle** with **your** consent." (Ex. 2, at pg. 1.) The schedule of "**insured motor vehicles**" included in the Policy is therefore necessary to determine the circumstances under which a non-family member may be a "**covered person**."

## CLAIM FOR RELIEF
## DECLARATORY JUDGMENT THAT ENCOMPASS OWES NO FURTHER AMOUNTS IN CONNECTION WITH THE ACCIDENT

33. Encompass incorporates the above paragraphs as if set forth in full herein.

34. There is a real, substantial, and justifiable issue in controversy among the parties hereto with respect to whether the Encompass Policy allows or requires "combining" or "stacking" of coverage under the excess Uninsured/Underinsured Motorist Coverage.

35. Defendants allege the excess Uninsured/Underinsured Motorist Coverage may be stacked, with a limit of $1 million for each of the four cars, and thus that their full policy limits for this coverage is $4 million. Encompass alleges the full policy limits for this coverage is $1 million, and has already been paid in full.

36. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time as there are questions in actual controversy between or among the parties.

37.     Encompass requests this Court determine that Defendants may not combine or stack coverage limits, based on the number of vehicles insured, under the Optional Excess Uninsured/Underinsured Motorist Coverage portion of the Policy.

## CONCLUSION

Encompass respectfully asks the Court to enter a declaratory judgment in favor of Encompass declaring and concluding that:

(1) The Defendants are not entitled to combine or stack limits on a per vehicle basis under either the Motor Vehicle Protection or the Optional Excess Uninsured/Underinsured Motorist Coverage portions of the Policy;

(2) Defendants are not entitled to additional payments under the Policy; and

(3) Encompass has paid the full limits for the Accident under the Policy.

Dated:  December 8, 2016                        Respectfully submitted,


*s/ Terence M. Ridley*
Terence M. Ridley
Anne M. Mangiardi
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Telephone No.:  303-244-1800
Facsimile No.:  303-244-1879
E-Mail:  ridley@wtotrial.com
         mangiardi@wtotrial.com


Attorneys for Plaintiff,
Encompass Indemnity Company

7